Filed 5/13/25  P. v. Hanson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY HANSON,<br><br>    Defendant and Appellant. | F084632<br><br>(Super. Ct. No. VCF263049A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Alex Anthony Hanson and codefendant Adrian Esquer[1] were involved in a shooting at a shopping mall in 2012.  Defendant was convicted of six counts of attempted murder and two counts of assault with a deadly weapon.  A gang enhancement

---

[1]    Codefendant, Esquer is not a party to the present appeal.

was found true on each count. He was sentenced to 11 years four months, plus 150 years to life in prison. In 2017, this court issued a nonpublished opinion in which we struck the great bodily injury and firearm enhancements attached to two counts but otherwise affirmed defendant's judgment. (*People v. Esquer* (Apr. 10, 2017, F069292) [nonpub. opn.].)

In February 2021, defendant filed a petition for resentencing pursuant to Penal Code[2] section 1172.6.[3] The court granted defendant's petition for recall and resentencing in 2022, vacated two of defendant's attempted murder convictions, and otherwise left his sentence undisturbed.

Defendant appeals from the resentencing. The sole issue on appeal is whether the trial court erred when it denied defendant's request to vacate the gang enhancements on counts 1, 3, 4, and 5 and apply the retroactive benefits of Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Assembly Bill 333) (effective January 1, 2022) at the time of resentencing on the section 1172.6 petition on July 2, 2022. Defendant argues his case was not yet final under the principles set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), at the time of resentencing on the section 1172.6 petition. The People respond that the court properly declined to vacate defendant's gang enhancements at the time of resentencing because they were final prior to the effective date of Assembly Bill 333, and *Estrada*'s principles do not extend to the retroactive application of a new statute that would require relitigation of a final determination of guilt.

We conclude the amendments to section 186.22 made by Assembly Bill 333 apply retroactively at a resentencing hearing following recall of a sentence because the

---

**2**    All further statutory references are to the Penal Code.

**3**    On June 30, 2022, former section 1170.95 was renumbered to section 1172.6 (see Assem. Bill No. 200, (2021–2022 Reg. Sess.)). There were no substantive changes to the statute. Defendant filed his petition under former section 1170.95, but we will cite to current section 1172.6 throughout this opinion for the sake of consistency.

2.

judgment was not final for *Estrada* purposes. We remand the matter for further proceedings and full resentencing. Otherwise, we affirm defendant's judgment.

## PROCEDURAL BACKGROUND

On January 31, 2014, defendant was convicted of premeditated attempted murder (§§ 187, subd. (a), 664, counts 1, 3, 4, and 5); attempted murder (§§ 187, subd. (a), 664, counts 2 and 6); and assault with a firearm (§ 245, subd. (a)(2), counts 7 and 8). Additionally, the jury found true as to all counts that the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). As to counts 1 through 6, the jury also made two findings that a principal personally discharged a firearm causing great bodily injury (§ 12022.53, subds. (d)(e)(1)) and as to count 7, that defendant personally inflicted great bodily injury (§ 12022.7).

On May 9, 2014, defendant was sentenced 11 years four months, plus 150 years to life as follows: on counts 1, 3, 4 and 5, four terms of life with the possibility of parole (§ 664, subd. (a)), plus four terms of 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)). On count 2, the aggravated term of nine years (§ 664, subd. (a)), plus an additional term of 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)). On count 6, two years four months, plus an additional term of 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)), all counts to run consecutively to one another. Sentences on counts 7 and 8 were stayed (§ 654).

On April 10, 2017, after defendant appealed his conviction and sentence, this court issued a nonpublished opinion in which we struck the great bodily injury enhancement attached to count 7 and the firearm enhancements attached to counts 7 and 8. We otherwise affirmed defendant's judgment. (*People v. Esquer*, *supra*, F069292.)

On February 26, 2021, defendant filed a petition for resentencing under section 1172.6.

On May 5, 2021, a hearing was held on defendant's petition for resentencing.

3.

On January 1, 2022, Assembly Bill 333 became effective. This legislation made significant changes to the elements necessary to establish a criminal street gang. (See *People v. Lamb* (2024) 16 Cal.5th 400, 448.)

On January 13, 2022, the trial court issued an order to show cause.

On May 19, 2022, the prosecutor filed a sentencing brief regarding defendant's petition for resentencing pursuant to section 1172.6.

On June 2, 2022, the trial court held an evidentiary hearing on defendant's section 1172.6 petition. The court granted defendant's petition for recall and resentencing. On July 6, 2022, the court vacated defendant's convictions on counts 2 and 6, along with the special allegations related to those counts. The court imposed a consecutive sentence of three years on count 7, a consecutive term of one year on count 8, and struck the enhancements attached to those counts. The court stated that the sentence and enhancements on the remaining counts 1, 3, 4, and 5 would remain undisturbed as they were final on appeal. The court imposed a sentence of four years, plus 100 years to life with the possibility of parole.[4] Defendant timely appealed.

## FACTUAL BACKGROUND[5]

On January 27, 2012, defendant and Esquer were at a shopping mall together when they encountered four males in front of a candy store and began a verbal confrontation. Defendant and Esquer were Norteño gang members, and the other men were from the Sureño gang and/or their associates. Following the verbal exchange,

---

[4] We note the minute order erroneously states defendant's indeterminate term is 200 years to life. However, the abstract of judgment comports with the oral pronouncement of judgment. Because we must remand for resentencing on another ground, we only note the error.

[5] Because the sole issue on appeal is whether the trial court erred when it denied defendant's request to vacate the gang enhancements and apply the retroactive benefits of Assembly Bill 333 at the time of resentencing on the section 1172.6 petition, we only briefly summarize the facts underlying the substantive offenses.

Esquer pulled out a semi-automatic handgun and fired in the direction of the four other males, striking Two Surenos.

Nine shots were fired from Esquer's handgun. During the shooting, M.A. was shot in the neck, elbow, and twice in the leg. S.H. was shot in the legs. Defendant and Esquer ran out of the mall after the shooting and hid the gun in the bushes outside a nearby In-N-Out Burger restaurant.

## DISCUSSION

### I. DEFENDANT IS ENTITLED TO THE RETROACTIVE BENEFITS OF ASSEMBLY BILL 333

Defendant contends the gang enhancements must be reversed and his case remanded. He argues that under the principles of *In re Estrada*, *supra*, 63 Cal.2d 740, the revisions to the gang enhancement statute should have been applied retroactively because his case was not final. The People disagree and contend defendant's gang enhancements were final prior to the amendments to section 186.22 made by Assembly Bill 333. We agree with defendant.

#### A. Additional Background

##### 1. The Resentencing Proceedings

In response to defendant's February 2021 petition for resentencing under section 1172.6, the prosecutor filed a sentencing brief in May 2022. The prosecutor argued the trial court had no jurisdiction to review the prior gang enhancements. He also argued that Assembly Bill 333 was unconstitutional.

At the evidentiary hearing in June 2022, defense counsel argued that the judgment was not final and the gang enhancements under section 186.22 were retroactive and should be considered. The trial court responded that section 1172.6 only invites resentencing on the primary offenses and does not require a full hearing on the merits regarding the gang enhancements. The prosecutor agreed with the court and maintained

that the gang enhancements were final; defendant could not be resentenced as to those convictions.

The trial court noted the gang enhancements were final under the principles set forth in *People v. Esquivel* (2021) 11 Cal.5th 671 (*Esquivel*) and *Estrada*. The court's reasoning for declining to apply the changes made to section 186.22 [under Assembly Bill 333] to defendant's gang enhancements is as follows:

> "There is nothing in the statutes or in the Senate bills allowing for a resentencing or rehearing on any other part of the defendant's conviction that was final in 2019 when the bill was enacted.

> "Under *Estrada* and subsequent cases, a case is final when it has reached its final conclusion. Here, defendant's time to appeal had expired. He was not on probation, and was not appealing a judgment revoking probation. The case was complete. Defendant was serving his sentence, and he has exhausted his avenues of direct review under … *Esquivel*.

> "In short, there is nothing allowing the [January 1, 2022] amendment to the gang statutes to be applied retroactively to defendant under *Estrada*. [¶] … [¶]

> "As to Counts 2 and 6, [defendant's 1172.6] petition is granted and defendant's convictions and attended enhancements for those counts are vacated."

At the July 2022 resentencing hearing, defense counsel again urged the trial court to resentence defendant in accordance with the changes made to section 186.22 under Assembly Bill 333. Defense counsel stated, "I would like to reiterate for the record that our position is … that the … Court should … reconsider imposing the enhancements under [section] 186.22 … because of the passage of [Assembly Bill] 333. Our position again is that this case is back before the Court for resentencing, and all changes in the law … are in play." The prosecutor again maintained that section 1172.6 did not permit resentencing on the gang enhancements. Thereafter, the court set forth its reasons for imposing defendant's sentence:

> "[A]s to Counts 1, 3, 4, and 5, the Court reimposes the original sentence. The Court specifically … denies the request for resentencing as to those

counts. The Court found that beyond a reasonable doubt, defendant was guilty of those counts … the original sentence stays in its entirety.… It was final on appeal at the necessary or appropriate time, and it has not been disturbed now. The resentencing has occurred … as to Counts 7 and 8. The remainder of the terms that were ordered at the time of the original sentencing are reimposed as well."

## B. Legal Background

### 1. Senate Bill 1437

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) significantly limited the scope of the felony-murder rule and eliminated liability for murder under the natural and probable consequences doctrine.[6] (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Strong* (2022) 13 Cal.5th 698, 707–708.) Senate Bill 1437 now "ensure[s] that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

In addition to substantively amending sections 188 and 189, Senate Bill 1437 also added section 1172.6, which allows a defendant who had been previously convicted under one of the now-barred theories of felony murder to file a petition for resentencing to take advantage of the changes retrospectively. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 959.) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3))." (*People v. Strong, supra*, 13 Cal.5th at p. 708.) If the petitioner makes a prima facie showing they "could not presently be convicted of murder

---

[6] "Senate Bill 1437 changed the minimum intent required to sustain a murder conviction by amending … sections 188 and 189." (*People v. Johns* (2020) 50 Cal.App.5th 46, 63.)

or attempted murder because of changes to Section 188 or 189" the petitioner is entitled to "a hearing to determine whether to vacate the murder … conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced .…" (§ 1172.6, subds. (a)(3), (c), (d)(1).) At the evidentiary hearing, the prosecution must prove "beyond a reasonable doubt that the petitioner is guilty of murder … as amended by the changes to Section 188 or 189 .…" (§ 1172.6, subd. (d)(3).)

     2. *Assembly Bill 333*

Effective January 1, 2022, Assembly Bill 333 amended section 186.22 regarding the showing necessary to prove gang offenses and enhancements. Assembly Bill 333 narrowed the definition of " 'criminal street gang' " (§ 186.22, subd. (f)), modified the " 'pattern of criminal gang activity' " element of the gang enhancement (§ 186.22, subd. (e)(1)), and clarified that to "benefit, promote, further, or assist" a gang "means to provide a common benefit to members of a gang where the common benefit is more than reputational" (§ 186.22, subd. (g)). (See, e.g., *People v. Cooper* (2023) 14 Cal.5th 735, 738.) The changes made by Assembly Bill 333 have "the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement,' " with a clear benefit to a criminal defendant. (*People v. Tran* (2022) 13 Cal.5th 1169, 1207.)

Here, the court granted defendant's petition for recall and resentencing under section 1172.6 in July 2022 and resentenced him in accordance with the new law. (§§ 187, 664.) The court declined to apply the January 2022 amendments enacted by Assembly Bill 333 to defendant's case. The court concluded that the portion of defendant's judgment related to his gang enhancements was final for purposes of *Estrada* and thus resentencing was not warranted.

  *C. Retroactive Application of Assembly Bill 333*

Defendant argues that the changes made to section 186.22 by Assembly Bill 333 apply retroactively to his case. The parties agree that Assembly Bill 333 applies retroactively to nonfinal judgments (see *People v. Lamb, supra,* 16 Cal.5th at p. 448) and further agree that reversal and remand for further proceedings would be required if Assembly Bill 333 applies retroactively. Because we conclude the changes made to section 186.22 by Assembly Bill 333 apply retroactively to his case, we concur with the parties' concessions.

The parties disagree, however, as to whether the judgment related to the gang enhancements was nonfinal when the trial court vacated defendant's murder conviction on counts 2 and 6 under section 1172.6. Defendant argues that resentencing under section 1172.6 rendered the entire judgment nonfinal under *Estrada*. The People counter that only the sentence was nonfinal, but the gang enhancement allegations were final on appeal. We review questions of retroactivity de novo. (*In re David C*. (2020) 53 Cal.App.5th 514, 519.)

In *In re Estrada, supra,* 63 Cal.2d 740, the California Supreme Court found that, "[w]hen the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper …. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Id*. at p. 745.) Under the principles set forth in *Estrada*, courts generally presume that newly enacted legislation imposing a new lighter penalty should apply to all cases in which the defendant's judgment is not final. (*Ibid*.) The inquiry for finality is "focused on whether the criminal prosecution or proceeding as a whole is complete." (*Esquivel, supra,* 11 Cal.5th at p. 679.)

In determining whether a judgment as whole is complete, we must consider the meaning of a judgment of conviction. Courts have held that the judgment means the " 'judgment of conviction' " and the sentence. (*People v. McKenzie* (2020) 9 Cal.5th 40,

9.

46 [holding that the phrase " 'judgment of conviction' " does not only refer to " 'underlying' " convictions and enhancement findings, exclusive of sentence but rather a " 'judgment' " and a " 'sentence' " are the same].)  For *Estrada* purposes, "a judgment becomes final ' "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed." ' " (*People v. Padilla* (2022) 13 Cal.5th 152, 162.)  As applicable here, a judgment that was final at one point can become nonfinal when the case is reopened.  (*Id.* at p. 161–162 [vacatur of the defendant's sentence made the judgment in the case nonfinal].)

In a recently published opinion, the California Supreme Court addressed the issue of whether a judgment, or part of it, becomes final for *Estrada* purposes when an appellate court affirms a conviction, but leaves sentencing issues pending before the superior court following remand.  (*People v. Lopez* (2025) 17 Cal.5th 388.)  In *Lopez*, while the defendant's case was before the trial court following appeal of his convictions for murder and attempted murder, Assembly Bill 333 passed.  (*Lopez, supra,* at p. 394.)  The trial court held a resentencing hearing but declined to apply Assembly Bill 333 retroactively to the defendant's case because his conviction was final.  (*Ibid.*)  On appeal, the reviewing court held that the trial court lacked jurisdiction to apply Assembly Bill 333 at the defendant's resentencing hearing.  (*Ibid.*)  Our Supreme Court reversed, concluding that for purposes of retroactivity, "[a] defendant whose sentence is vacated ' "regain[s] the right to appeal whatever new sentence was imposed[,]" ' and the judgment becomes nonfinal." (*Id.* at p. 398.)  The court reasoned, "[a] criminal case is only reduced to a singular, final judgment following the conclusion of the entire criminal case or prosecution ….  [A] criminal case in which the sentence is not yet final, including one in which an appellate court has affirmed the conviction and remanded for reconsideration of sentencing-related issues, is not final for purposes of *Estrada*, and the benefits of supervening ameliorative legislation apply retroactively." (*Lopez, supra,* at pp. 392–393.)

Here, defendant filed a petition for resentencing under section 1172.6 in February 2021. The trial court granted defendant's petition for recall and resentencing in July 2022, but it declined to apply the January 2022 ameliorative benefits of Assembly Bill 333 on the remaining counts that went into effect earlier. This was error. Once defendant obtained vacatur of his sentence, he had a right to be resentenced on any remaining counts in the same manner as if he had not previously been sentenced. (§ 1172.6, subd. (d)(1) ["the court shall hold a hearing to determine whether to vacate the murder … conviction and … resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced"]; see e.g., *People v. Keel* (2022) 84 Cal.App.5th 546, 564–565 [once the defendant is successful at vacating a murder conviction under section 1172.6, his judgment is no longer final and the defendant is entitled to full resentencing and retroactive application of any new laws that passed since the defendant's initial sentencing].)

The People rely on *People v. Padilla, supra,* 13 Cal.5th 152 to support their position that resentencing under section 1172.6 should only apply to defendant's vacated attempted murder convictions and not the gang enhancements on the other counts. In *Padilla*, a juvenile was convicted of murder and conspiracy to commit murder. (*Padilla, supra,* at p. 159.) He was convicted in adult criminal court and was sentenced to life without the possibility of parole. (*Ibid.*) Years later, after the defendant's judgment had become final, the defendant petitioned for a writ of habeas corpus seeking resentencing in light of the Supreme Court's holding that mandatory life without parole sentences for juveniles violate the federal Constitution. (*Ibid.*) About two weeks after the defendant's sentence was vacated following a successful petition, Proposition 57 was passed, holding that a juvenile could be tried in adult court only after a transfer hearing. (*Ibid.*)

Our Supreme Court held that Proposition 57 applied to the defendant's case because his sentence was vacated when the law passed; thus, it was not yet final for purposes of *Estrada*. (*People v. Padilla, supra,* 13 Cal.5th at pp. 160–161.) However,

11.

the court also concluded the defendant's right to retroactive application of Proposition 57 "does not allow [the defendant] to raise claims unrelated to his sentence." (*Padilla, supra,* at p. 169.) The court further clarified a Proposition 57 hearing may reduce "the nonfinal part" of the defendant's judgment, however, it "does not authorize or constitute relitigation of guilt." (*Padilla, supra,* at p. 170.)

The People stress the language in *Padilla* shows that a judgment has both final and nonfinal parts, and only the nonfinal parts are subject to *Estrada*. (*People v. Padilla, supra,* 13 Cal.5th at p. 170.) Thus, the People maintain defendant's judgment on the gang enhancements was final on appeal for purposes of *Estrada*, despite the trial court's vacatur of his sentence. We disagree.

A similar argument was rejected by the *Lopez* court. (*People v. Lopez, supra,* 17 Cal.5th at pp. 398-399.) Our high court held, "*Padilla* did not create bifurcated judgments or otherwise alter the premise that a ' "judgment of conviction" ' and 'sentence' are understood generally as synonymous in criminal actions. [Citation.] Nor did it change the principle that, for purposes of *Estrada*, '[t]he cutoff point for application of ameliorative amendments is the date when the entire case or prosecution is reduced to a final judgment.' " (*Id.* at p. 399.)

We agree with the reasoning of the Supreme Court and apply it here. The trial court's authority pursuant to section 1172.6 was not limited to vacating defendant's attempted murder convictions, as defendant suggests. A full resentencing is warranted when an otherwise final sentence is vacated pursuant to section 1172.6 for purposes of *Estrada* retroactivity, and defendant is therefore entitled to the ameliorative benefits of Assembly Bill 333. Our conclusion is consistent with "the full resentencing rule" which provides that " 'when part of a sentence is stricken on review, on remand for resentencing "a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances." ' " (*People v. Ramirez* (2021) 71 Cal.App.5th 970, 999.)

On remand, the People shall be given the opportunity to retry defendant on the gang enhancements under section 186.22 as amended on counts 1, 3, 4, and 5, after which the court will proceed to a resentencing hearing.[7] (*People v. Cooper, supra,* 14 Cal.5th at p. 739.) If the People elect not to retry the enhancement, a full resentencing as to all counts is appropriate. (*People v. Buycks* (2018) 5 Cal.5th 857, 893; accord, *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 [full resentencing rule "allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

## DISPOSITION

The gang enhancements imposed on counts 1, 3, 4, and 5 under section 186.22 are reversed and the case remanded for resentencing consistent with this opinion. On remand, the prosecution shall have the option to retry defendant on the gang enhancements as amended. If the People elect not to retry the gang allegations, the court shall conduct a full resentencing hearing. After imposing sentence, the court shall prepare and transmit a new abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

FRANSON, J.

WE CONCUR:


HILL, P. J.


FAIN, J.[*]

_____

[7]      As set forth above, both parties agree that the convictions on the gang enhancement should be reversed and the matter should be remanded to the trial court for further proceedings if we conclude Assembly Bill 333 applies retroactively to defendant.

[*]      *Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.